IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| SETH HACKLER, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>GENERAL MOTORS LLC,<br><br>    Defendant. | CIVIL ACTION NO.: 2:21-cv-19 |

**O R D E R**

This matter is before the Court on Defendant's Motion to Strike Untimely Expert Report. Doc. 69. In that Motion, Defendant seeks to strike the expert report of Dr. Werner J.A. Dahm. Plaintiff filed a Response, opposing Defendant's Motion, and Defendant filed a Reply. Docs. 71, 73. For the reasons which follow, the Court **GRANTS** Defendant's Motion. Doc. 69.

Defendant argues Dr. Dahm's report should be disregarded because Plaintiff did not disclose the expert report until June 14, 2022, which was after the deadline in the Scheduling Order, after the summary judgment motion deadline, and the day Daubert motions were due. Defendant contends Plaintiff has not shown good cause for failing to meet the Court's deadlines and argues the failure to disclose Dr. Dahm is not substantially justified or harmless. Defendant urges the Court to strike Dr. Dahm's report. Docs. 69, 73.

Plaintiff, on the other hand, contends his disclosure of Dr. Dahm was timely. Doc. 71. Plaintiff asserts the Court never set a deadline for the disclosure of expert reports and the disclosure was timely under Federal Rule of Civil Procedure 26. Even if the disclosure were

untimely, Plaintiff argues Dr. Dahm's report should not be stricken because Defendant was aware of his intention to rely on Dr. Dahm's report and, therefore, Defendant cannot claim surprise or prejudice.  Id.

**I.      The Court's Scheduling Order Did Not Set a Deadline for Disclosure of Expert Reports**

Defendant argues Dr. Dahm's expert report was not timely disclosed under the Court's Scheduling Order.  Doc. 69 at 1–2, 4–5; Doc. 73 at 1–2.  Plaintiff contends the Court did not set a deadline for expert disclosures in its Scheduling Order; thus, his disclosure of Dr. Dahm's expert report on June 14, 2022, was not timely.  Doc. 71 at 2–3.  The Court agrees with Plaintiff that the Scheduling Order did not set a deadline for expert disclosures, but, as explained below, that does not end the inquiry.

The Court issued a Scheduling Order in this case on February 24, 2022.  Doc. 53.  The Scheduling Order was issued in consideration of the parties' Rule 26(f) Report.  Doc. 52.  While the parties' Rule 26(f) Report proposed a March 29, 2022 deadline for expert disclosures, id. at 7, the Court did not adopt that deadline, doc. 53.  Additionally, the parties agreed not much discovery needed to be done in this case because of discovery already conducted in Sloan v. General Motors, LLC, No. 16-cv-7244 (N.D. Cal.).[1]  Doc. 52 at 7.  The parties explained because of the discovery in Sloan, they would only need to complete discovery in this case "with respect to Plaintiff's individual claims and related merits expert discovery."  Id.

---

[1]   At times, the parties identify this case as Sloan, like the Court has here.  However, the parties also refer to the No. 16-cv-7244 case as Siquerios v. General Motors, LLC, ostensibly referring to one of the plaintiffs in the Sloan action.  It is clear from the citations the parties are referring to the same case.  The Court refers to the case as Sloan throughout this Order.

Though the parties proposed a March 29, 2022 expert disclosure deadline, the Court never implemented that deadline. Therefore, Plaintiff did not fail to meet any particular deadline set in the Scheduling Order.

## II.   Local Rule 26.1 Established the Deadline for Disclosing Expert Reports

Given the Court did not set a deadline for expert disclosures in the Scheduling Order, the Court must determine if a deadline arose from another source. Plaintiff points to Federal Rule of Civil Procedure 26(a)(2)(D), which provides that expert witnesses must be disclosed at least 90 days before the date the case is set for trial or for the case to be ready for trial. Doc. 71 at 2 (citing Fed. R. Civ. P. 26(a)(2)(D)). On the other hand, Defendant points to the Court's Local Rule 26.1(d)(ii), which requires a plaintiff to provide expert witness reports within 60 days of the Rule 26(f) conference.[2] Doc. 69 at 5 n.4; Doc. 73 at 2.

Local Rule 1.1 explains the Local Rules control where the Federal Rules of Civil Procedure permit variations. Federal Rule of Civil Procedure 26 expressly allows courts to set a deadline for expert disclosures. Fed. R. Civ. P. 26(a)(2)(D). Thus, the Court's Local Rule 26.1(d)(ii) controls. See Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc., 253 F.3d 1332, 1335 (11th Cir. 2001) (explaining a court's local rules for the time to file a motion for fee governs because the Federal Rules of Civil Procedure allow the time to do so to be set by a court order). Because Local Rule 26.1(d)(ii) controls, Plaintiff was required to disclose its expert reports, including Dr. Dahm's report, no later than 60 days from the Rule 26(f) Conference—meaning, on or before April 12, 2022.

---

[2]   Although Defendant expressly raised Local Rule 26.1(d)(ii) in his Motion, Plaintiff does not address the effect of the Local Rules in his Response.

### III. Plaintiff Failed to Meet the Deadline in the Local Rules, and the Court Strikes Dr. Dahm's Report

#### A. Plaintiff Did Not Meet the Disclosure Deadline

As explained above, the Court finds Local Rule 26.1(d)(ii) governs the deadline for Plaintiff to disclose expert reports. Local Rule 26.1(d)(ii) provides, "[T]he plaintiff must furnish the expert witness reports required by [Federal Rule of Civil Procedure] 26(a)(2)(B) and provide the disclosures required by [Federal Rule of Civil Procedure] 26(a)(2)(C) within 60 days after the [Rule] 26(f) conference . . . ." The parties held their Rule 26(f) conference on February 11, 2022. Doc. 52 at 1. Therefore, Plaintiff's expert reports were due on or before April 12, 2022. Plaintiff did not provide Dr. Dahm's expert report to Defendant until June 14, 2022—when Plaintiff included the report in his response to Defendant's motion for summary judgment—well after the applicable deadline. Doc. 64-26.

Plaintiff argues discovery conducted in other cases against Defendant absolved Plaintiff of the obligation to disclose Dr. Dahm's expert report in this case. In their Rule 26(f) Report, the parties stipulated, "The parties intend to use discovery already conducted in Sloan v. General Motors LLC." Doc. 52 at 7. Plaintiff argues this agreement effectively disclosed Dr. Dahm as an expert witness in this case because other plaintiffs used Dr. Dahm's expert reports in Sloan and other similar cases. Doc. 71 at 5 ("This provision, alone, put GM on notice of the intent to rely upon the same experts as disclosed in Sloan."). However, Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule 26.1(d)(ii) require Plaintiff to disclose expert witness reports within 60 days of the Rule 26(f) conference, not merely provide expert witness identities. Reese v. Herbert, 527 F.3d 1253, 1265 (11th Cir. 2008) (explaining disclosure of expert testimony requires more than merely identifying the expert). Additionally, it is clear the report Plaintiff relies on in response to Defendant's motion for summary judgment is not the same as any report

4

previously disclosed. Dr. Dahm's report in this case is dated June 2, 2022. Doc. 64-26. The report is dated 111 days after the parties stipulated "to use discovery already conducted" and 51 days after Plaintiff's expert report was due for disclosure. In sum, Plaintiff did not disclose Dr. Dahm's report until June 14, 2022, long after the Local Rules' deadline.

> **B. Plaintiff's Failure to Timely Disclose Dr. Dahm's Report Is Not Substantially Justified or Harmless**

The Federal Rules of Civil Procedure prohibit a party from using testimony of an improperly disclosed witness unless the failure to disclose was "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); OFS Fitel, LLC v. Epstein, Becker & Green P.C., 549 F.3d 1344, 1363 (11th Cir. 2008). "The burden for establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." Leathers v. Pfizer, Inc., 233 F.R.D. 687, 697 (N.D. Ga. 2006). Courts routinely consider five factors when determining whether an insufficient disclosure is harmless:

(1) the surprise to the party against whom the evidence would be offered;

(2) the ability of that party to cure the surprise;

(3) the extent to which allowing the evidence would disrupt the trial;

(4) the importance of the evidence; and

(5) the nondisclosing party's explanation for its failure to disclose the evidence.

See Rangel v. Anderson, 202 F. Supp. 3d 1361, 1366 (S.D. Ga. 2016) (citing Cambridge Univ. Press v. Becker, Case No. 1:08-cv-1425, 2010 WL 6067575, at *3 (N.D. Ga. Sept. 21, 2010)); S. States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003) (setting forth the five-factor test). In conjunction with these factors, courts consider the prejudice to the opposing party if the witness is allowed to testify. Romero v. Drummond Co., Inc., 552

5

F.3d 1303, 1321 (11th Cir. 2008) (considering trial court's refusal to allow a witness to testify where the proffering party failed to disclose that witness).

Plaintiff has not shown any of the five factors set forth above weigh in his favor. Plaintiff argues Defendant should not be surprised by his use of Dr. Dahm's expert report because Dr. Dahm's reports have been disclosed in other similar cases and there was no reason for Defendant to think Dr. Dahm would not be utilized in this case. Doc. 71 at 3–4. Plaintiff points to notices provided in an Eastern District of New York case, a Western District of Washington case, and a Northern District of West Virginia case. Docs. 71-1 to 71-3. Specifically, those notices seek to adopt and incorporate the expert disclosure and report of Dr. Dahm used in the Sloan case and attached Dr. Dahm's expert report to the notices. However, Defendant contends the lack of disclosure in this case led it to believe Dr. Dahm would not be relied upon as an expert here. Doc. 69 at 3. Notably, in some of those cases in which Dr. Dahm was disclosed, the plaintiff did not rely on his report, despite the disclosure. Doc. 73 at 4 n.4.

It is unreasonable to assume Defendant would know Plaintiff in this matter would rely on Dr. Dahm's report simply because the plaintiffs in other cases (ostensibly represented by the same attorneys as Plaintiff in this case) disclosed Dr. Dahm's report, particularly where some of those plaintiffs did not actually rely on Dr. Dahm's report. The fact Dr. Dahm was disclosed in those other cases is precisely why the lack of disclosure in this case would lead Defendant to believe Plaintiff would not use the Dahm Report here. Further, Dr. Dahm's Sloan report disclosed in the other cases is not the same report Plaintiff offers in opposition to summary judgment in this case.[3] The surprise factor weighs in favor of striking Dr. Dahm's report and

---

[3]    The Sloan report and the report Plaintiffs offer in opposition to summary judgment in this case are similar, but they are not identical. Compare Expert Report of Dr. Werner J.A. Dahm, Siquerios v.

6

testimony. Greater Hall Temple Church of God v. S. Mut. Church Ins. Co., No. 2:17-CV-111, 2019 WL 4147589, at *13–14 (S.D. Ga. Aug. 30, 2019) (finding plaintiff's argument defendant should have known he was going to rely on an expert's testimony, despite no disclosure, weighs against permitting expert testimony). The Court finds Defendant was understandably surprised by Plaintiff's reliance on Dr. Dahm's expert report after Plaintiff failed to disclose the report. See Rangel, 202 F. Supp. 3d at 1366 (rejecting a plaintiff's argument that defendant should not be surprised by a physician's expert testimony where the physician was listed a treating physician).

Plaintiff does not address Defendant's ability to cure surprise. Defendant argues it is unable to cure its surprise because the late disclosure of Dr. Dahm prevented Defendant's own expert from offering a rebuttal opinion, prevented Defendant from deposing Dr. Dahm during discovery, prevented Defendant from raising any challenge to Dr. Dahm's report, and shaped Defendant's summary judgment and class certification briefing. Doc. 69 at 5–8; Doc. 73 at 3–4. Defendant is correct. Curing the surprise at this point would require, at a minimum, re-opening discovery and, potentially, allowing the parties to amend and supplement their summary judgment filings and allowing Defendant time to file a Daubert motion. If the Court were to allow Plaintiff to rely on Dr. Dahm's expert report without re-opening discovery or allowing

---

General Motors, LLC, No. 16-cv-7244 (N.D. Cal. Oct. 21, 2021), ECF No. 364-2, with Doc. 64-26. For example:

1. the Sloan report is dated August 30, 2021, but the report Plaintiff offers here is dated June 2, 2022;
2. the Sloan report has 82 numbered pages and 234 numbered paragraphs, but the June 2, 2022 report has 91 numbered pages and 254 numbered paragraphs;
3. the June 2, 2022 report includes a subsection not found in the Sloan report, "GM Documents Are Sufficient to Determine the Inherent Oil Consumption Defects," doc. 64-26 at 38–39, detailing Dr. Dahm's review of documents produced by Defendant; and
4. Dr. Dahm offers different qualifications and experience in the two reports.

Although the reports are similar, these differences underscore Defendant's surprise.

additional motions, Defendant would be significantly prejudiced. Accordingly, this factor—Defendant's ability to cure surprise—weighs in favor of excluding Dr. Dahm's report. Kraese v. Jialiang Qi, No. CV417-166, 2021 WL 640826, at *6 (S.D. Ga. Feb. 18, 2021) (explaining exclusion of an untimely disclosed expert is favored where allowing the expert opinion would disrupt the litigation, despite no trial date being set). Further, the surprise to Defendant and the burden of curing surprise cut against Plaintiff's argument the disclosure failure was harmless.

Plaintiff has not shown allowing Dr. Dahm's report would not disrupt the trial. Plaintiff argues the Court has not yet scheduled a trial date and a dispositive motion is pending and, therefore, there is sufficient time for Defendant to depose and challenge Dr. Dahm. Doc. 71 at 5–6. While there is sufficient time depose Dr. Dahm, curing the surprise disclosure of Dr. Dahm's June 2, 2022 report would significantly delay trial. As explained above, allowing Dr. Dahm's expert report would require the Court to reopen discovery, allow new Daubert motions, and give the parties an opportunity to amend or submit new motions for summary judgment. Written discovery closed more than eight months ago on February 28, 2022, and deposition discovery closed more than seven months ago on March 29, 2022. Doc. 53 at 2. The deadline for final replies in support of motions for summary judgment occurred four months ago on July 15, 2022. Id. Even if Defendant could depose Dr. Dahm today, this would cause a potential trial to be delayed by several months, at the least. Such significant delays are likely to disrupt the proceedings, and this weighs against allowing Dr. Dahm's report. This factor also demonstrates Defendant would experience prejudice from Plaintiff's failure to timely disclose Dr. Dahm's report.

Plaintiff has also not shown the evidence is so important as to overlook his failure to disclose Dr. Dahm. See Mitchell v. Ford Motor Co., 318 F. App'x 821, 824 (11th Cir. 2009)

8

("The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party."). Plaintiff seems to argue it is immaterial whether portions of Dr. Dahm's opinion are excluded in this case, at least as it concerns resolution of the motions pending for summary judgment and class certification. Doc. 71 at 6 (pointing to Sloan and suggesting a similar motion for summary judgment was denied, even though Dr. Dahm's opinions were excluded in that action). This suggests Dr. Dahm's opinion is not very important to Plaintiff's case. Accordingly, the importance of the evidence weighs in Defendant's favor.

The Court must also consider the nondisclosing party's failure to make an adequate disclosure. Plaintiff offers no discernible explanation for why Dr. Dahm and his report were disclosed in other cases but not here. Plaintiff does not claim mistake, oversight, or inadvertence. Plaintiff simply does not provide an explanation. Perhaps Plaintiff believed he was not required to disclose the report at all because of the Sloan litigation, though Plaintiff does not expressly offer this as explanation for his failure. Even if he had, the argument would fail. At most, Plaintiff could argue he was under a misapprehension about *when* he was required to disclose the report, but there is no support for the proposition Plaintiff was entirely excused from disclosing the report. Consequently, this factor does not support Plaintiff's claim the failure to timely disclose Dr. Dahm's report was harmless.

Considering the five factors, together with prejudice to the opposing party, exclusion of Dr. Dahm's expert report and any related testimony is warranted. Reese, 527 F.3d at 1266 (affirming the exclusion of an expert where the failure to timely disclose was unjustified and harmful to the opposing party); SEC v. Price, No. 1:12-CV-2296, 2015 WL 11198937, at *13 (N.D. Ga. Mar. 31, 2015) (striking an expert's report that was provided after the close of discovery and in opposition to summary judgment). Accordingly, the Court **GRANTS**

Defendant's Motion to Strike. Dr. Dahm's June 2, 2022 expert report will not be considered for any purposes, including summary judgment, class certification, or trial (should one occur).

**SO ORDERED**, this 15th day of November, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA